## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SELVIR BERISAJ,**
**A 075 073 804,**

 **Petitioner,**

  **vs.**

**DEPARTMENT OF**
**HOMELAND SECURITY,**

**Respondent.**       **Case No. 15-cv-976-DRH**

## <u>MEMORANDUM AND ORDER</u>

**HERNDON, District Judge:**

 Selvir Berisaj is currently detained at the Tri-County Detention Center in Pulaski County, Illinois.  He brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) to challenge an order of removal that was entered by the Bureau of Immigration Appeals ("BIA") on July 2, 2015 (Doc. 1-1, pp. 5-8).  On that date, the BIA vacated an Immigration Judge's ("IJ") decision granting Berisaj's application for deferral of removal under the Convention Against Torture ("CAT") pursuant to 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a).  The BIA also ordered Berisaj removed to Bosnia-Herzegovina or Montenegro.

 In his § 2241 petition, Berisaj argues that the BIA applied the wrong legal standard when reviewing the IJ's decision.  He now asks this Court to reverse the BIA's decision, remand this matter to the IJ for further proceedings, appoint him counsel, and release him on bond.  Berisaj has filed additional motions, in which

he requests a bond hearing[1] (Doc. 3) and also seeks an evaluation of his mental competency[2] (Docs. 5, 6).

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  After carefully reviewing the petition and exhibits, the Court concludes that it lacks subject matter jurisdiction over the § 2241 petition.  The petition shall therefore be **DISMISSED**.

## I.    <u>Background</u>

Berisaj is a Romani, who was born in the former Yugoslavia in 1985.  When he was a young child, his family fled the country to avoid persecution.  Berisaj spent eight years in a German refugee camp before entering the United States as a refugee in 1999.  His status was adjusted to a lawful permanent resident of this country in 2003.

Between 2004 and 2010, Berisaj was convicted of multiple theft- and drug-related crimes in the District Court in Warren County, Kentucky.  On the basis of these convictions, the Department of Homeland Security ("DHS") identified Berisaj as an individual who is subject to removal from the United States.

Berisaj filed an application for deferral of removal under the Convention

---

[1] The motion setting forth this request is entitled "Motion to Add Supporting Documents" (Doc. 3).
[2] The motions setting forth this request are entitled "Motion to Ask Court to Immediately Intervene" (Doc. 5) and "Motion for Emergency Injunction" (Doc. 6).

Against Torture ("CAT") pursuant to 8 C.F.R. §§ 1208.16(c)(2) and 1208.17(a). On January 30, 2015, an IJ determined that he stated a valid claim for protection under the CAT, making him eligible for deferral of removal (Doc. 1, p. 3). The DHS appealed this decision to the BIA.

On July 2, 2015, the BIA reversed the IJ's decision and ordered Berisaj's removal to Bosnia-Herzegovina or, in the alternative, to Montenegro (Doc. 1-1, p. 8). Berisaj was provided with a copy of the BIA's decision. Along with the decision, the BIA provided Berisaj with instructions for appealing, which state: "If the attached decision orders that you be removed from the United States . . . , **any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision**" (Doc. 1, p. 5) (emphasis added).

Instead of filing a petition for review with the Court of Appeals, Berisaj filed the instant § 2241 petition on September 2, 2015 (Doc. 1). He supplemented his petition with several additional motions (Docs. 3, 5, 6). In them, he asks this Court to "intervene" in the immigration proceedings and do the following: (1) reverse the BIA's decision dated July 2, 2015; (2) vacate or stay the order of removal; (3) remand the matter for further proceedings before the IJ; (4) appoint Berisaj counsel in the immigration proceedings; (5) order a mental capacity evaluation; and (6) release him on bond.[3]

## II.   Discussion

---

[3] Berisaj is particularly concerned about attending an evidentiary hearing in his son's foster care case in the State of Kentucky on October 7, 2015.

This Court lacks jurisdiction to review Berisaj's challenges to the BIA decision.  The REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, removed habeas jurisdiction over final orders of deportation or removal from the district courts.  The Act also deprived district courts of jurisdiction over appeals of orders of removal against criminal aliens, 8 U.S.C. § 1252(a)(2)(C), and claims for relief under the CAT.  *See* 8 U.S.C. § 1252(a)(4).

Judicial review of removal proceedings is vested exclusively in the Courts of Appeals.  Specifically, 8 U.S.C. § 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other *habeas corpus* provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.  For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include *habeas corpus* review pursuant to section 2241 of Title 28, or any other *habeas corpus* provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

*Id.* In addition, 8 U.S.C. § 1252(b)(9) states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court shall have jurisdiction, by *habeas corpus* under section 2241 of Title 28, or any other *habeas corpus* provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

*Id*.  The statute additionally states that "no court shall have jurisdiction to hear

any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).

By all indications, Berisaj's only recourse is with the Court of Appeals, not the District Court.  The BIA's notice makes this clear: "If the attached decision orders that you be removed from the United States . . . , **any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision**" (Doc. 1, p. 5).

Instead of filing his petition for review with the Court of Appeals, he turned to this Court.  It is not clear why, given the instructions in the BIA's notice. However, the Court now finds that it lacks jurisdiction to review the BIA's decision dated July 2, 2015.

The Court also lacks jurisdiction to address Berisaj's request for a bond hearing.  Berisaj points to no constitutional or statutory basis for his request. Instead, he questions why he was held in custody during the pending removal proceedings and seeks release on bond during the 90-day removal period in order to attend an evidentiary hearing involving his son.  This type of claim is not cognizable under § 2241.  *See* 8 U.S.C. § 1226 (discretionary decisions regarding arrest, detention, and release of aliens who are the subject of pending removal proceedings are generally not subject to review by a habeas court); *see also* 8 U.S.C. § 1231(a)(2) (detention during the 90-day removal period that follows entry of a final removal order is the norm).  This claim is ancillary to Berisaj's

quest to challenge the BIA's decision and not fully developed in the § 2241 petition.  Should Berisaj find himself in continued detention beyond the 90-day removal period, he may pursue a statutory or constitutional challenge to his indefinite detention by filing a separate habeas petition.  *See, e.g., Zadvydas v. Davis*, 533 U.S. 678 (2001).

For the reasons set forth above, Berisaj's § 2241 petition (Doc. 1) shall be **DISMISSED** without prejudice, and his related motions for relief (Docs. 3, 5, 6) shall be **DENIED**.

### III.   Disposition

**IT IS HEREBY ORDERED** that the petition is summarily **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions (Docs. 3, 5, 6) are **DENIED**.

If petitioner wishes to appeal *this* dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4). He should be aware that an appeal of *this* order will not serve as his petition for review of the BIA's July 2, 2015, decision.  A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the

outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under §2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   September 29, 2015**

Digitally signed by
David R. Herndon
Date: 2015.09.29
15:25:40 -05'00'

**United States District Court**